IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

 vs.                          **Case No. 04-40139-01**
                                   07-4100-RDR

MICHAEL JOHN COFFEY,

        Defendant.

## O R D E R

    This matter is presently before the court upon (1) defendant's motion to dismiss for lack of jurisdiction which the court has recharacterized as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255; and (2) the government's motion to dismiss defendant's motion under 28 U.S.C. § 2255 and motion to enforce plea agreement. Having carefully reviewed the arguments of the parties, the court is now prepared to rule.

    The defendant entered a guilty plea to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) on October 18, 2005. The court sentenced the defendant to a term of imprisonment of 46 months on March 27, 2006. The court's judgment was filed on April 4, 2006. The defendant was represented by counsel during all of these proceedings. On August 27, 2007 the defendant, proceeding <u>pro se</u>, filed the aforementioned motion to dismiss for lack of subject matter jurisdiction. In an order of September 12, 2007, the court informed the defendant that his

motion must be recharacterized as one asserted under 28 U.S.C. § 2255 because he was attacking his underlying conviction. The court told the defendant that he may either amend or withdraw his motion on or before October 31, 2007. The court cautioned the defendant of the failure to address all of his claims in the motion. The defendant responded on September 26, 2007 with a motion for reconsideration. He objected to the court's recharacterization of his earlier motion as a § 2255 motion. He acknowledged that a § 2255 motion would be time-barred but suggested that he could raise his jurisdictional issue at any time. He contended that the court should proceed to consider the merits of his motion. On October 4, 2007 the court denied defendant's motion for reconsideration. After the passage of the October 31st deadline, the court directed the government to file a response to the defendant's § 2255 motion. The court allowed the defendant ten days following the response in which to file a reply. The government responded with the aforementioned motions. The defendant has failed to timely respond.

In his original motion, the defendant argued that the court lacked subject matter jurisdiction over his criminal case. He contended that the Controlled Substances Act applies only to those that have either received its benefits or applied for its benefits and, since he has never received or applied for benefits, it cannot be applied to him. The government has responded by arguing that

the defendant, in his plea agreement, waived his right to bring this motion.  The government further contends that defendant's motion is time-barred.

Paragraph ten of the plea agreement states as follows:

> **Waiver of Appeal and Collateral Attack**
> Defendant knowingly and voluntarily waives any right to appeal or collaterally attack any matter in connection with this prosecution, conviction and sentence.  The defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the conviction and sentence imposed.  By entering into this agreement, the defendant knowingly waives any right to appeal a sentence imposed which is within the guideline range determined by the court.  The defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined in any collateral attack, including, but not limited to, a motion brought under Title 28, U.S.C. § 2255 [except as limited by *United States v. Cockerham*, 237 F.3d 1179, 1187 (10th Cir. 2001)] and a motion brought under Title 18 U.S.C. § 3582(c)(2).  In other words, the defendant waives the right to appeal the sentence imposed in this case except to the extent, if any, the court departs upwards from the applicable sentencing guideline range determined by the court.  However, if the United States exercises its right to appeal the sentence imposed as authorized by Title 18, U.S.C. § 3742(b), the defendant is released from this waiver and may appeal his sentence as authorized by Title 18, U.S.C. § 3742(a).

"A defendant's knowing and voluntary waiver of the statutory right to appeal and to collaterally attack his sentence is generally enforceable." United States v. Chavez-Salais, 337 F.3d 1170, 1172 (10th Cir. 2003) (internal quotation marks omitted). In determining whether such waivers are enforceable, the court considers the following factors:  (1) whether the disputed action falls within the scope of the waiver, (2) whether the defendant

3

knowingly and voluntarily waived his appellate rights, and (3) whether enforcing the waiver will result in a miscarriage of justice.  United States v. Hahn, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc).  A miscarriage of justice will result if (1) "the district court relied on an impermissible factor such as race;" (2) "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid;" (3) "the sentence exceeds the statutory maximum;" or (4) "the waiver is otherwise unlawful."  Id. at 1327 (quotations omitted).

The court finds that the three factors noted in Hahn support application of the waiver.  The motion filed by the defendant falls within the scope of the waiver.  The defendant does not raise any issue of his counsel's ineffectiveness in negotiation of the waiver under Cockerham.  Moreover, the defendant knowingly and voluntarily waived his right to bring this collateral attack.  Finally, the enforcement of the waiver would not result in a miscarriage of justice.  The defendant has made no such showing, and the court fails to find any basis for such a contention.  Accordingly, the court finds that the plea agreement should be enforced and the instant motion should be dismissed.

Even if we were to find that the waiver provisions of the plea agreement do not apply, we would find that dismissal is appropriate because the defendant's motion was not filed within the one-year statute of limitations imposed by the Antiterrorism and Effective

4

Death Penalty Act of 1996.

Finally, even if we were to ultimately get to the merits of the defendant's motion, we would reject his argument. Since 1909, Congress has passed legislation that allows for the prosecution of narcotics and trafficking. Courts have repeatedly held that Congress has the power to do so under the Commerce Clause. See United States v. Wacker, 72 F.3d 1453, 1475 (10th Cir. 1995); see also United States v. Jackson, 111 F.3d 101, 102 (11th Cir. 1997); Proyect v. United States, 101 F.3d 11, 13-14 (2nd Cir. 1996)(per curiam); United States v. Tisor, 96 F.3d 370, 374-76 (9th Cir. 1996), cert. denied, 519 U.S. 1140 (1997); United States v. Lerebours, 87 F.3d 582, 584-85 (1st Cir. 1996). The defendant's contention that the court lacks jurisdiction over his drug charges because he never registered or received benefits from any federal agency is clearly without merit. See United States v. Sorensen, 2007 WL 2406936 (D.Utah 2007).

In sum, the court must grant plaintiff's motion to enforce the plea agreement and dismiss the defendant's motion to dismiss for lack of jurisdiction which the court has recharacterized as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

**IT IS THEREFORE ORDERED** that the government's motion to dismiss defendant's motion under 28 U.S.C. § 2255 (Doc. # 76) be hereby granted. The court hereby dismisses plaintiff's motion to

dismiss for lack of jurisdiction (Doc. ## 59, 67), which the court has recharacterized as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

Dated this 14th day of January, 2008 at Topeka, Kansas.


                              s/Richard D. Rogers
                              United States District Judge